# IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF NORTH CAROLINA
### STATESVILLE DIVISION
#### 5:10CV101-MU-02

| | |
|---|---|
| DERRICK YOUNG; | ) |
| | ) |
|    Plaintiff, | ) |
| | ) |
|      v. | ) |
| | ) |
| CHAD WADDELL, Sergeant at | ) |
|   Wilkes Correctional | ) |
|   Center; | ) |
| BOBBY HARLESS, Superinten- | ) |
|   dent at Wilkes Correc- | ) |
|   tional Center; | ) |
| (FNU) CREWS, Correctional | ) |
|   Officer at Wilkes Cor- | ) |
|   rectional Center; | ) |
| KENNETH JONES, Inmate | ) |
|   Grievance Examiner; | ) |
| JONNITA WILLIAMS, Inmate | ) |
|   Grievance Examiner; and | ) |
| INA HINTON, Administrative | ) |
|   Assistant for the State | ) |
|   of North Carolina's | ) |
|   Grievance Board, | ) |
|     Defendants. | ) |
| _____ | ) |

**THIS MATTER** comes before the Court on an initial review of Plaintiffs' form-civil rights Complaint pursuant to 42 U.S.C. § 1983, filed July 2, 2010.

## I.  STANDARD FOR CONDUCTING INITIAL REVIEW

Inasmuch as Plaintiff is seeking to proceed with this action in forma pauperis, the Court is authorized to conduct an initial review of his Complaint pursuant to 28 U.S.C. §§ 1915(e)(2) and 1915A.  Having conducted that review, the Court has determined

that Plaintiff's Complaint must be <u>dismissed</u>, without prejudice, for his failure to exhaust his administrative remedies for his claims.

## II. <u>FACTUAL BACKGROUND</u>

Plaintiff is an inmate at the Wilkes Correctional Center. (Doc. No. 1 at 2). A careful review of his form-Complaint and its attachments -- which include copies of a grievance that Plaintiff submitted to his Prison and various letters of response -- revealed the following facts. On October 28, 2009, Defendants Crews and Harless opened Plaintiff's legal mail outside of his presence. (<u>Id</u>. at 4). On that same date, Plaintiff filed a grievance (assigned number 4665-59-09, hereafter, "grievance number 2") complaining that his mail was opened out of his presence and copied without his permission. (<u>Id</u>. at 9 and 10). Grievance number 2 also requested an immediate transfer. (<u>Id</u>.). However, grievance number 2 was returned to Plaintiff by Defendant Waddell along with an explanation that said grievance could "only be accepted when [his] current grievance [number 4665-22-09, hereafter, "grievance number 1"] completed step two." (<u>Id</u>. at 9). Grievance number 2 was received by Defendant Waddell on October 30, 2009. (<u>Id</u>.).

Plaintiff's materials further reflect that on November 12, 2009, he submitted an "Information Request Form," inquiring about

2

the status of grievance number 2; however, he reportedly did not
receive any response to that inquiry.  (Id. at 13).  At some
subsequent point in November 2009, Plaintiff submitted a griev-
ance (hereafter, the "appeal grievance") directly to Defendant
Jones at the Inmate Grievance Resolution Board (hereafter, "the
Board") due to the reported lack of a response to grievance
number 2.  (Id. at 15 and 17).  However, on January 21, 2010,
Defendant Jones returned the appeal grievance to Plaintiff with
an explanation that his case could not be reviewed on appeal
because he had not taken it through the first two steps of the
grievance process at his Prison.  (Id. at 15).

Plaintiff's materials also reflect that on April 12, 2010,
Defendant Williams wrote him and explained that the Board had
received his otherwise unspecified correspondence in which he
expressed his disagreement with an unidentified Grievance Exami-
ner's decision about his appeal.  (Id. at 19).  The letter fur-
ther advised Plaintiff that the decision about the appeal was
final and not subject to further administrative review. (Id.).
On April 25, 2010, Plaintiff executed a "Statement By Witness"
form in which he detailed the foregoing matters.  (Id. at 16-18).
Such Statement also reflects Plaintiff's report that by the time
he sent his appeal to Defendant Jones, he had completed "all
steps . . ." for grievance number 1.  (Id. at 17).

3

Last, Plaintiff's materials reflect that on July 7, 2010, Defendant Hinton responded to his correspondence concerning grievance number 2, and explained that a response to that grievance already had been sent to Plaintiff. Consequently, Plaintiff filed the instant Complaint complaining about the occasion when his legal mail was opened by Defendants Crews and Harless, and about the manner in which Defendants handled grievance number 2. (Id. at 4).

Notably, Question II on Plaintiff's Complaint form inquires about his completion of the inmate grievance process. (Id. at 1). In response to that inquiry, Plaintiff candidly admits that he did not complete the three-step inmate grievance process, reporting that he only completed "Step I" of it. (Id.).

### III.  DISCUSSION

The Prison Litigation Reform Act of 1995 mandates that "no action shall be brought with respect to prison conditions under § 1983 of this title, or any other Federal law, by a prisoner . . . until such administrative remedies as are available are exhaust-ed." 42 U.S.C. § 1997e(a). In Porter v. Nussle, 534 U.S. 516 (2002), the Supreme Court held that the PLRA's exhaustion re-quirement applies to all inmate suits about prison life. In Woodford v. Ngo, 548 U.S. 81, 85 (2006), the Supreme Court stated that "[p]risoners must exhaust all 'available' remedies, not just

4

those that meet federal standards." Indeed, Woodford concluded

that there must be "proper exhaustion of administrative remedies,

which 'means using all steps that the agency holds out, and doing

so properly (so that the agency addresses the issues on the

merits.)" (internal quotation marks and citation omitted). Id. at

90. Thus, exhaustion is mandatory, and unexhausted claims cannot

be brought in federal court. Booth v. Churner, 532 U.S. 731, 741

(2001); Jones v. Bock, 549 U.S. 199, 211 (2007).

A prisoner's failure to exhaust his administrative remedies

is an affirmative defense; therefore, the prisoner does not have

to specially plead or demonstrate exhaustion in his complaint.

Bock, supra, at 211-12 (2007). Nevertheless, a court may dismiss

a prisoner § 1983 action on initial review when it is apparent

from the face of the complaint that the prisoner has not exhaust-

ed administrative remedies. See Anderson v. XYZ Correctional

Health Services, 407 F.3d 674, 678-83 (4th Cir. 2005) (noting

that 42 U.S.C. § 1997(e)(c)(2) "clearly contemplates the

dismissal on the merits of some claims that have not been

exhausted"; and that while failure to exhaust is an affirmative

defense, that fact does not "foreclose in all cases the possi-

bility of a sua sponte dismissal on exhaustion grounds.").

As has been noted, Plaintiff admits that he only completed

Step I of the grievance procedure. (Doc. No. 1 at 1). However,

Plaintiff's Complaint and its attachments reflect that he actually did not complete even Step I of that process for his current allegations inasmuch as grievance number 2 was returned to him, unprocessed, and he has never re-filed it after grievance number 1 completed Step II.  Nor did Plaintiff's attempt to submit that grievance directly to the Board constitute a completion of the process.  Consequently, the foregoing information makes it clear that Plaintiff's allegations have not yet been exhausted.  Ultimately, the Court cannot exercise jurisdiction over Plaintiff's claims; therefore, his Complaint must be <u>dismissed</u> without prejudice.  42 U.S.C. § 1997e(a).

**NOW, THEREFORE, IT IS HEREBY ORDERED:**

1.  That pursuant to 42 U.S.C. § 1997(e), the instant Complaint is **DISMISSED** without prejudice for Plaintiff's failure to exhaust his administrative remedies for the allegations raised therein; and

2.  That the Clerk shall send copies of this Order to Plaintiff.

**SO ORDERED.**

Signed: August 9, 2010

Graham C. Mullen
United States District Judge