IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
STATESVILLE DIVISION
5:10CV101-MU-02

| | |
|---|---|
| **DERRICK YOUNG;** ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | **O R D E R** |
| ) | |
| **CHAD WADDELL, Sergeant at** ) | |
| **Wilkes Correctional** ) | |
| **Center, et al.,** ) | |
| ) | |
| Defendants. ) | |

**THIS MATTER** comes before the Court on Plaintiff's motion to amend, filed August 17, 2010 (Doc. No. 9); and his Motion for Reconsideration, filed August 31, 2010 (Doc. No. 11).

The record reflects that on July 12, 2010,[1] Plaintiff filed a form-civil rights Complaint pursuant to 42 U.S.C. § 1983 (Doc. No. 1). Upon this Court's initial review of that matter, it was determined, based upon a careful review of the grievance forms and corresponding responses which Plaintiff submitted with his Complaint, that he had failed to exhaust his administrative remedies on the allegations set forth in his Complaint.

More precisely, such documents tended to establish that

---

[1] Although Plaintiff's Complaint was not received and filed by the Court until July 26, 2010, his Complaint certified that he delivered same to a Prison official for mailing to this Court on July 12, 2010. Therefore, in accordance with the "mail box" rule articulated in Houston v. Lack, 487 U.S. 266 (1988), the Complaint will be deemed filed as of July 12, 2010.

Plaintiff filed a grievance complaining that Defendants Crews and Harless had opened his legal mail outside of his presence and had copied that material without his permission; however, that grievance was returned to him, without processing, because he already had a different grievance pending which had not yet completed the second of the three-step grievance processes. (Id. at 4 and 9-10). Plaintiff's materials further showed that he subsequently inquired about the status of his rejected grievance but received no response; and that his attempt to appeal that rejected grievance before the Inmate Grievance Resolution Board was unsuccessful because the grievance had never completed the first two steps of the administrative review process. (Id. at 13 and 15-17). In addition, the Court's review established that Plaintiff had answered Question II on his form-Complaint (which inquired about his completion of the inmate grievance process) by admitting that he had only completed "Step I" of that process. (Id. at 1). Therefore, Plaintiff's Complaint was dismissed without prejudice to his right to re-file the matter after fully exhausting his administrative remedies. (Doc. No. 4).

On August 17, 2010, Plaintiff filed the instant motion to amend (Doc. No. 9) asking the Court to allow him to submit additional documentation to establish that he has completed all steps of the administrative remedies procedure. Notably,

2

however, Plaintiff's motion is silent as to when such exhaustion was completed. In any event, because the Court's Judgment dismissing Plaintiff's Complaint was a final appealable Order, Plaintiff has no right to amend his Complaint at this late point. See Sachs v. Snider, 631 F.2d 350, 351 (4th Cir. 1980) (citing Cedar Coal Co. v. United Mine Workers,. 560 F.2d 1153 (4th Cir. 1977); Leach v. Smith, 2007 WL 2155742 *1 (E.D. Va. July 25, 2007) (unpublished) (same).

Plaintiff also has filed a motion for reconsideration of the dismissal of his case (Doc. No. 11), asserting that he has received additional correspondence from the Inmate Grievance Resolution Board which demonstrates his exhaustion of his administrative remedies. In support of his motion for reconsideration, Plaintiff has submitted a hand-written copy of a grievance complaining about the alleged mail tampering incident and other matters which reportedly occurred after that incident. (Id. at 4). Such grievance was dated August 12, 2010, accepted by Prison staff on August 19, 2010, and assigned Grievance Number 3510-10-0579. (Id.) Plaintiff also has submitted a hand-written copy of the letter which he reportedly received from the Inmate Grievance Resolution Board. (Doc. No. 11 at 3). Although that letter states that it constitutes the final step of the administrative remedies procedure, if Plaintiff's hand-written transcription of

the letter is accurate, such letter makes no reference to a specific grievance number and was dated August 20, 2010, that is, nearly a full month *after* Plaintiff filed his Complaint in this Court. (Id.).

At any rate, Plaintiff's motion for reconsideration was filed more than 10 days after the Court's Judgment was entered; therefore, the only provision which conceivably could apply in this case is Rule 60(b)(6) of the Federal Rules of Civil Procedure. Under Rule 60(b)(6), the Court may relieve a party from a final judgment for any reason justifying relief. However, when such a motion seeks reconsideration of legal issues already addressed in an earlier ruling, the motion "is not authorized by Rule 60(b)." CNF Constructors, Inc. v. Donohor Construction Co., 57 F.3d 395, 401 & n.2 (4th Cir. 1995) (internal quotation and citation omitted); United States v. Williams, 674 F.2d 301, 313 (4th Cir. 1982) (motion amounting to little more than thinly veiled request for court to change its mind is not authorized under Rule 60(b)).

As was already noted, the Court previously determined that Plaintiff failed to exhaust his administrative remedies concerning the allegations in his Complaint. Thus, to the extent that Plaintiff's motion for reconsideration simply asks the Court to revisit that decision, it is not authorized under Rule 60(b).

Furthermore, the Court's review of the materials which Plaintiff submitted in support of his motion for reconsideration tend to show that its earlier decision was correct. Indeed, Plaintiff's supporting documentation refers to matters which occurred after he filed his Complaint in this Court. Thus, even if those documents establish exhaustion, such exhaustion did not occur until after this case was commenced. Accordingly, Plaintiff's motion for reconsideration must be denied.

**NOW, THEREFORE, IT IS HEREBY ORDERED:**

1. Plaintiff's post-judgment motion to amend his Complaint (Doc. No. 9) is **DENIED;** and

2. Plaintiff's motion for reconsideration (Doc. No. 11) is **DENIED.**

**SO ORDERED.**

Signed: November 8, 2010

Graham C. Mullen
United States District Judge